UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WARDELL FRAZIER,

                          Plaintiff,

            -vs-                                          14-CV-460-JTC

PORTFOLIO RECOVERY GROUP, L.L.C.,

                          Defendant.
_____

By order entered February 8, 2016 (Item 7), in accordance with Rule 41(b) of the

Local Rules of Civil Procedure for the Western District of New York, this court directed

plaintiff to show cause in writing within 30 days why this case should not be dismissed for

failure to prosecute.  The order contained an explicit warning that failure to respond to the

order may result in dismissal of the action.  No response has been filed, and cause for

further prosecution of the action has not otherwise been shown.

A district court has the inherent power to manage its own affairs "so as to achieve

the orderly and expeditious disposition of cases."  *Lewis v. Rawson*, 564 F.3d 569, 575 (2d

Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  The Federal

Rules expressly empower a district court to exercise its discretion to dismiss an action "[i]f

the plaintiff fails to prosecute or to comply with these rules or a court order …."  Fed. R.

Civ. P. 41(b); *see Lewis*, 564 F.3d at 575.

Because dismissing an action for failure to prosecute is a "harsh remedy,*" Minnette

v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993), a court contemplating dismissal under

Rule 41(b) should examine whether (1) the plaintiff's failure to prosecute caused a delay

of significant duration; (2) plaintiff received notice that further delay would result in dismissal; (3) further delay would likely prejudice the defendant; (4) the need to alleviate court calendar congestion outweighs plaintiff's right to an opportunity for a day in court; and (5) lesser sanctions would be effective. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). No one factor is dispositive, and a court must consider the record of the entire case as a whole. *Id.* Further, a court may find dismissal warranted due to a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal in this case. First, plaintiff has taken no action in this case since filing a request for entry of default on January 28, 2015 (Item 5). Second, the court expressly warned plaintiff of the likelihood of dismissal of the action if plaintiff failed to respond to the court's order to show cause. Third, even though defendants failed to respond to the complaint, and default has been entered by the Clerk, prejudice resulting from unreasonable delay in prosecution may be presumed. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). Fourth, considering the length of time this action has remained virtually dormant on the court's docket, and in the absence of any indication from plaintiff or counsel that further action will be taken in the case, the court finds plaintiff's right to an opportunity to present the claim to be outweighed by the need to alleviate the court's calendar congestion. Finally, considering this longstanding pattern of inaction, no lesser sanction than dismissal would be effective.

Accordingly, all of the relevant factors support dismissal pursuant to Rule 41(b), and

the case is hereby dismissed for failure to prosecute, failure to comply with the court's order to show cause, and failure to comply with the Federal and Local Rules of Civil Procedure.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   March 24, 2016